TYSON, Judge.
Veronica Upshaw was indicted for trafficking in cocaine, in violation of § 20-2-80, Code of Alabama 1975 (transferred to § 13A-12-231, Code of Alabama 1975 (Supp.1989)). The jury found the appellant “guilty as charged in the indictment,” and the trial judge sentenced her to 10-years’ imprisonment in the penitentiary and fined her $50,000.
At trial, the State established that Corporal Elwood McCurdy with the Montgomery Police Department received information from a confidential informant regarding possible'drug dealings. McCurdy put the informant in contact with Officer H.C. Forte, an undercover police officer with the narcotics division of the Montgomery Police Department. The informant in turn introduced Forte to another individual, referred to only as “Nate.”
“Nate,” along with Forte, then met with this appellant and John Wilson, Jr. The group set up a drug deal, which led to the arrest of both the appellant and Wilson.
The appellant argues that the State’s failure to disclose the existence of a confidential informant until the day before trial and its failure to disclose his name when requested denied her the opportunity to obtain a fair trial. More specifically, she claims that the State failed to prove the informant was reliable and that the information received from the informant (plus other circumstances) established probable cause to confront the appellant. Furthermore, she alleges that the trial court erred by allowing the police officers to testify about the informant because she was not given an opportunity to cross-examine the unnamed confidential informant.
As the State correctly notes in its brief, the unnamed informant was not “an active participant in the crime.” White v. State, 479 So.2d 1368, 1374 (Ala.Cr.App.), cert. denied (Ala.1985.) He only put Forte in contact with Nate, who assisted Forte in arresting this appellant and Wilson. It is highly unlikely that the informant’s testimony would “have established the appellant’s guilt or innocence.” White, 479 So.2d at 1374. Cf. Allen v. State, 494 So.2d 777, 780-82 (Ala.Cr.App.1985).
Therefore, the appellant is not entitled to a reversal on the basis of this claim. The judgment of the trial court is due to be, and the same is hereby, affirmed.
AFFIRMED.
All the Judges concur.